# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| BENNIE BLAKE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-04-1068 |
| § | |
| § | |
| ANTHONY J. PRINCIPI, § | |
| SECRETARY OF VETERANS AFFAIRS, § | |
| § | |
| Defendant. § | |

## ORDER

On May 2, 2005, this court entered an order staying and administratively closing this case until the plaintiff, Bennie Blake, completed military duties. The order specified that the case would be reopened if Blake filed a motion to reinstate within 30 days after she was released from duty. (Docket Entry No. 24).

Blake was discharged from the military on July 16, 2008. She moved to reinstate this case on October 14, 2008, two months after the 30-day deadline had elapsed. In her motion to reinstate, she "acknowledges that her Motion to Stay is late." She asks this court to "exercise its discretion" to let the case proceed because the delay "was not intentional but rather because [of] a lack of understanding by the Plaintiff." (Docket Entry No. 25). Blake does not specify the circumstances or what lack of understanding caused her delay. The defendant, Anthony J. Principi, opposes reinstatement, arguing that Blake has not shown that

her late filing was due to excusable neglect and that he would be prejudiced.  (Docket Entry No. 26).

Federal Rule of Civil Procedure 6(b) governs a court's discretion to extend the time for filing when a deadline has elapsed.  Rule 6(b) provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired, if the party failed to act because of *excusable neglect.*"  FED. R. CIV. P. 6(b)(1)(B) (emphasis added).

"The determination of 'what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission."  *Texas Dep't Hous. and Cmty. Affairs v. Verex Assurance, Inc.*, 158 F.3d 585, 1998 WL 648608, at *2 (5th Cir. Sept. 11, 1998) (unpublished) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Relevant factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 n. 8 (5th Cir. 2006).

"[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant."  *Pioneer*, 507 U.S. at 392 (quoting 4A Charles Wright & Alan Miller, FEDERAL PRACTICE & PROCEDURE § 1165, p. 479 (2d ed. 1987).  It may encompass "late filings [that] were due to mistake, inadvertence or carelessness and not to bad faith," *Panis v. Mission Hills Bank,*

*N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citing *Pioneer*, 507 U.S. at 388). *See, e.g., Soliz v. Bennett*, 150 Fed. Appx. 282, 284 (5th Cir. 2005) (finding excusable neglect where case was neglected by previous attorney who had been terminated); *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, 3:07-cv-1728, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (finding excusable neglect for a plaintiff who had a good faith belief that opposing counsel had agreed to extend a deadline, and opposing counsel could not show prejudice); *Johnson v. Graves*, 2008 WL 694730, at *1 (S.D. Tex. Mar. 12, 2008) (finding excusable neglect when delay was "merely inadvertent and in good faith," and the mistake was quickly remedied once the mistake was realized).

On the other hand, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. *See, e.g., Flores v. Secretary of Navy*, 51 F.3d 1044, 1995 WL 153205, at *1 (5th Cir. Mar. 27, 1995) (unpublished) (miscommunication between cocounsel insufficient to establish excusable neglect); *Hernandez v. Brazoria County*, 21 F.3d 1108, 1994 WL 171620, at *3 & n. 3 (5th Cir. Apr. 26, 1994) (unpublished) (counsel's preoccupation with other matters and good-faith but mistaken belief as to deadline was not excusable neglect, when the plaintiff had over six months to obtain clarification of the deadline); *Jaramillo v. City of Dallas*, No. 3-99-CV-0828-D, 2001 WL 1148220 at *3 (N.D. Tex. Sept. 21, 2001) (no excusable neglect for a plaintiff who misreads court's unambiguous deadline).

Although the defendant argues that he would be prejudiced by reinstatement, any prejudice does not result from the two-month delay in moving to reinstate but by the excused

3

delay caused by the plaintiff's military service.  The two-month delay is not unduly long. The third and fourth factors relevant to the determination of whether excusable neglect can be found are the reason for the delay and whether the movant acted in good faith.  Blake's present motion does not explain the circumstances of her delay.  Blake is therefore ORDERED to submit a statement of the reasons for her delay by **November 26, 2008**, explaining why the circumstances support a finding of excusable neglect.

       SIGNED on November 12, 2008, at Houston, Texas.

                                          Lee H. Rosenthal
                                        United States District Judge