## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| BENNIE BLAKE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-1068 |
| | § | |
| | § | |
| JAMES B. PEAKE, SECRETARY | § | |
| OF VETERANS AFFAIRS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

On May 2, 2005, this court entered an order staying and administratively closing this case until the plaintiff, Bennie Blake, completed military duties. The order specified that the case would be reopened if Blake moved to reinstate within 30 days after she was released from duty. (Docket Entry No. 24). Blake was discharged from the military on July 16, 2008. She moved to reinstate this case on October 14, 2008, two months after the 30-day deadline had elapsed. (Docket Entry No. 25). The defendant, James B. Peake,[1] opposed reinstatement, arguing that Blake had not shown that her late filing was due to excusable neglect and that he would be prejudiced. (Docket Entry No. 26). This court ordered Blake

---

[1] James B. Peake, the current Secretary of the Department of Veterans Affairs, has been automatically substituted as defendant in this matter for Anthony J. Principi, the former Secretary, under Federal Rule of Civil Procedure 25(d)(1).

to submit a statement by November 26, 2008 explaining the reasons for the delay and affirming that the delay was in good faith.  (Docket Entry No. 27).

Blake filed her statement of reasons for the delay on November 26, 2008.  Blake claims that her delay was due to inadvertence.  She states that she "did not remember the necessity of seeking the lifting of the military stay in her cause of action within 30 days of her discharge." (Docket Entry No. 28 at 1).  She asserts that "her long period of active duty during a time of war and the many injured and sick soldiers she treated" caused her to overlook the deadline, as did the tasks that awaited her after her discharge, including "her attempts at returning to the position she held prior to going into active duty coupled with her efforts to acclimate to civilian life." (*Id*.).  Blake asserts that these factors caused her to "fail[] to timely contact her counsel to advise him of her discharge." (*Id*. at 2).  Blake also asserts, without explanation, that "she did not know how to contact counsel." (*Id*.).

Based on a careful review of Blake's motion to reinstate and statement of reasons, Peake's response, and the applicable law, this court grants Blake's motion to reinstate and sets a hearing to enter a scheduling and docket control order on **January 5, 2009 at 9:00 a.m.**.  The reasons for this ruling are set out below.

## I.    The "Excusable Neglect" Standard

Federal Rule of Civil Procedure 6(b) governs a court's discretion to extend the time for filing when a deadline has elapsed.  Rule 6(b) provides, in relevant part, that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the

time . . . on motion made after the time has expired if the party failed to act because of *excusable neglect.*"  FED. R. CIV. P. 6(b)(1)(B) (emphasis added).

"The determination of 'what sorts of neglect will be considered 'excusable' . . . is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"  *Tex. Dep't Hous. and Cmty. Affairs v. Verex Assurance, Inc.*, 158 F.3d 585, 1998 WL 648608, at *2 (5th Cir. Sept. 11, 1998) (unpublished) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Relevant factors include: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 162 n. 8 (5th Cir. 2006).

The factors of good faith and a reasonable basis for the delay do not require that the delay have been completely beyond the movant's control.  *See Pioneer*, 507 U.S. at 392 ("[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." (quoting 4A Charles Wright & Alan Miller, FEDERAL PRACTICE & PROCEDURE § 1165, p. 479 (2d ed. 1987)).  A Rule 6(b) motion may be granted in cases of delay "due to mistake, inadvertence or carelessness and not to bad faith."  *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir. 1995) (citing *Pioneer*, 507 U.S. at 388).  "Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness."  *In re Painewebber Ltd. P'ships Litig.*, 147 F.3d 132, 135 (2d Cir. 1998); *see also Soliz v. Bennett*,

3

150 Fed. Appx. 282, 284 (5th Cir. 2005) (upholding finding of finding excusable neglect where case was neglected by previous attorney who had been terminated); *Mattress Giant Corp. v. Motor Advertising & Design Inc.*, No. 3:07-cv-1728, 2008 WL 898772, at *2 (N.D. Tex. Mar. 31, 2008) (finding excusable neglect for a plaintiff who had a good faith belief that opposing counsel had agreed to extend a deadline, and opposing counsel could not show prejudice); *Johnson v. Graves*, No. G-06-764, 2008 WL 694730, at *1 (S.D. Tex. Mar. 12, 2008) (finding excusable neglect when delay was "merely inadvertent and . . . in good faith," and the mistake was quickly remedied once the mistake was realized).

The factor of possible prejudice to the opposing party is also important.  Courts are more likely to grant a Rule 6(b) motion if the delay does not impose new burdens on the opposing party.  *See Panis v. Mission Hills*, 60 F.3d at 1494-95 (upholding district court's decision to grant defendants' motion to file an out of time answer, noting that defendants "requested leave to file out-of-time soon after their omitted answers were discovered[,] before significant discovery had commenced,"and the answers "did not raise new issues"); *Mattress Giant*, 2008 WL 898772, at *2 (granting motion for defendant to file late responsive pleading because delay of three weeks did not prejudice plaintiff); *Johnson v. Graves*, 2008 WL 694730, at *1 (granting motion for plaintiff to file late response to motion for summary judgment where the only arguments defendants raised about prejudice "would have been equally applicable to a timely [r]esponse"); *Tolliver v. Liberty Mut. Fire Ins. Co.*, No. 2:06-0904, 2008 WL 545018, at *1 (S.D. Ohio Feb. 25, 2008) (granting motion to file late answer,

despite the fact that movant's conduct could "only be described as carelessness," because the two-month delay in answering did not prejudice the opposing party).

Beyond the four-factor test, the case law also indicates that courts are more inclined to grant a Rule 6(b) motion if denying it would be tantamount to granting a default judgment. "Federal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001). In *Tolliver*, 2008 WL 545018, at *1, for example, the district court granted the defendant's motion to file a two-month-late answer, noting that the alternative would be to grant the plaintiff's motion for default judgment. The court cited the "strong preference for trials on the merits in federal courts" as a compelling reason to grant an extension, even if the moving party's delay was the result of "carelessness." In *Dillard v. Fieldcrest Cannon, Inc.*, 7 F.3d 223, 1993 WL 393339, at *1 (4th Cir. Oct. 6, 1993) (unpublished), the Fourth Circuit similarly reversed the district court's decision to deny the plaintiff's request to file a late response to a summary judgment motion and to grant summary judgment to the defendants. The court noted that "[g]ranting summary judgment when a party fails to respond to the opposing party's summary judgment motion is comparable to granting a default judgment." *Id.* The court concluded that in considering a Rule 6(b) motion under these circumstances, the district court must consider "the availability of less drastic sanctions than dismissal with prejudice" which would result from denial of the Rule 6(b) motion. *Id.*; *see also United States v. $39,480.00 in United States Currency*, 190 F. Supp. 2d 929, 933 (W.D. Tex. 2002) (citing Rule 6(b) as analogy in deciding equitable tolling of the statute of

limitations and noting a "strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds").

## II.    Analysis

Blake's statement of reasons indicates that her failure to meet the 30-day deadline to reinstate was inadvertent and in good faith.  She explains that during her more than three years of active duty after this court's May 2, 2005 stay, she was not chiefly concerned with the reinstatement deadline.  She also explains that after her discharge, she was preoccupied with her attempts to return to her prior employment and her efforts to reacclimate to civilian life.  (Docket Entry No. 28 at 1).  Blake's explanations "show good faith and a reasonable basis for noncompliance" sufficient to explain her inadvertent delay.  *In re Painewebber*, 147 F.3d at 135; *see also Johnson v. Graves*, 2008 WL 694730, at *1 (finding excusable neglect when delay was "merely inadvertent and . . . in good faith," and mistake was quickly remedied once realized).

Furthermore, Peake has not shown that he would be prejudiced by Blake's two-month delay.  He argues only that the delay "exacerbates" difficulties that already exist in reinstating a case that has been stayed for three and a half years.  (Docket Entry No. 26 at 7-8).  But Anthony J. Principi, Peake's predecessor as Secretary of the Department of Veterans Affairs, consented to the difficulties inherent in a protracted stay when he declined to oppose Blake's motion for a stay in 2005.  (Docket Entry No. 23).  The additional two-month delay does not add in any significant way to Peake's burden in defending this case.  *See Johnson v. Graves*, 2008 WL 694730, at *1 (no prejudice where the only arguments defendants raised

6

about prejudice "would have been equally applicable to a timely [r]esponse"); *Mattress Giant Corp.*, 2008 WL 898772, at *2 (no prejudice from three-week delay in filing responsive pleading); *Tolliver*, 2008 WL 545018, at *1 (no prejudice from two-month delay in filing answer).

Finally, denying Blake's motion would be tantamount to the entry of a default judgment against her.  The federal courts' "strong preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds," *United States v. $39,480.00 in United States Currency*, 190 F. Supp. 2d 929, 933 (W.D. Tex. 2002), leads to the conclusion that Blake's motion to reinstate should be granted.

## III.    Conclusion and Order

The motion to lift stay and reinstate this case is granted.  A scheduling and status conference will be held on **January 5, 2009, at 9:00 a.m.**

SIGNED on December 3, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge